IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | )<br>)<br>) |
| *Plaintiff* | ) Case No. 1:25-cv-7332<br>) |
| v. | )<br>) |
| JENNIFER GREEN, JOYCE PHOENIX, OUIDA V. PRATER, YVONNE GRIFFIN, and CHANDRA V. CANNON | )<br>)<br>)<br>) |
| *Defendants* | )<br>) |

## COMPLAINT FOR INTERPLEADER

Interpleader Plaintiff, METROPOLITAN LIFE INSURANCE COMPANY ("MetLife"), by its attorneys, Jacqueline J. Herring and Marissa N. Pinto of Hinshaw & Culbertson LLP, hereby submits its Complaint for Interpleader pursuant to Rule 22 of the Federal Rules of Civil Procedure and the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq*. ("ERISA").

**Parties**

1. Interpleader Plaintiff MetLife is a corporation organized under the laws of New York, with its principal place of business in New York, New York. It is duly licensed to do business in the State of Illinois.

2. Jennifer Green ("Jennifer") is a resident of Chicago, Cook County, State of Illinois, and is a citizen of the State of Illinois.

3. Joyce Phoenix ("Joyce") is the daughter of James E. Prater ("Decedent"), is a resident of Fresno, Fort Bend County, State of Texas, and is a citizen of the State of Texas.

1

4. Ouida V. Prater ("Ouida"), is the daughter of Decedent, is a resident of Chicago, Cook County, State of Illinois, and is a citizen of the State of Illinois.

5. Yvonne Griffin ("Yvonne"), is the daughter of Decedent, is a resident of South Holland, Cook County, State of Illinois, and is a citizen of the State of Illinois.

6. Chandra V. Cannon ("Chandra"), is the daughter of Decedent, is a resident of Chicago, Cook County, State of Illinois, and is a citizen of the State of Illinois.

**Jurisdiction and Venue**

7. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1331 and 29 U.S.C. §§1132(e) and (f), because the action arises under the laws of the United States, specifically ERISA. The Court also has original jurisdiction of this action pursuant to 28 U.S.C. §1335 because this is in an interpleader action in which two or more adverse claimants of diverse citizenship claim entitlement to money or property of the value of $500 or more. Furthermore, this is an interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure.

8. Venue is proper pursuant to 29 U.S.C. §1132(e)(2), 28 U.S.C. §1397, and 28 U.S.C. §1391(b) because one or more defendants and claimants reside in this district and a substantial part of the events giving rise to this action occurred in this district.

**Claim for Interpleader**

9. Decedent was a former employee and retiree of Rio Tinto America, Inc. As a benefit of employment, Decedent had Basic Life Insurance coverage under Rio Tinto America, Inc.'s employee welfare benefit plan, Life, AD&D and Dependents Life Insurance ("Plan"). Basic Life Insurance benefits under the Plan are funded by Group Policy No. 161512-1-G issued

2

by MetLife to Rio Tinto America, Inc. as Policyholder ("Group Policy"). The Plan and Group Policy are governed by ERISA. A copy of the Certificate of Insurance is attached as Exhibit A.

10. Decedent died on May 25, 2024. A copy of the Decedent's Certificate of Death is attached as Exhibit B.

11. At the time of his death on May 25, 2024, Decedent had Basic Life Insurance coverage under the Plan in the amount of $13,000 ("Plan Benefits"). Upon Decedent's death, the Plan Benefits became payable to the proper beneficiary or beneficiaries.

12. The Plan states: "If You die, Proof of Your death must be sent to Us. When We receive such Proof with the claim, We will review the claim and, if We approve it, will pay the Beneficiary the Life Insurance in effect on the date of Your death." (Ex. A, Cert. of Ins., pg. 21).

13. The Plan states: "Beneficiary means the person(s) to whom We will pay insurance as determined in accordance with the GENERAL PROVISIONS section." (Ex. A, Cert. of Ins., pg. 19).

14. The Plan states:

> You may designate a Beneficiary in Your application or enrollment form. You may change Your Beneficiary at any time. To do so, You must send a Signed and dated, Written request to the Policyholder using a form satisfactory to Us. Your Written request to change the Beneficiary must be sent to the Policyholder within 30 days of the date You Sign such request.
>
> You do not need the Beneficiary's consent to make a change. When We receive the change, it will take effect as of the date You Signed it. The change will not apply to any payment made in good faith by Us before the change request was recorded.
>
> If two or more Beneficiaries are designated and their shares are not specified, they will share the insurance equally.
>
> If there is no Beneficiary designated or no surviving designated Beneficiary at Your death, We may determine the Beneficiary to be one or more of the following who survive You:

- Your Spouse or Domestic Partner;
- Your child(ren);
- Your parent(s); or
- Your sibling(s).

(Ex. A, Cert. of Ins., pg. 25).

15. The only Beneficiary Designation is dated September 11, 2018, was made by telephone call, and designates Jennifer as 100% Primary Beneficiary ("September 2018 Beneficiary Designation"). The September 2018 Beneficiary Designation was confirmed by letter dated September 13, 2018. A copy of the September 13, 2018 beneficiary confirmation letter is attached as Exhibit C.

16. The Decedent and Jennifer were both on the telephone call during which the September 2018 Beneficiary Designation was made. During the call, Jennifer advised that she was the Decedent's Power of Attorney.

17. By letter dated June 25, 2024, Yvonne, on behalf of her and her siblings, Joyce, Ouida and Chandra, challenged the September 2018 Beneficiary Designation and stated, in part, that Decedent was under a guardianship. Yvonne attached Letters of Office to her June 25, 2024 letter. A copy of Yvonne's June 25, 2024 letter is attached as Exhibit D.

18. On or about October 28, 2024, MetLife received a life insurance claim form from Jennifer seeking payment of the Plan Benefits. With her claim form, Jennifer also submitted an August 2018 letter stating that she was Power of Attorney for Decedent. A copy of Jennifer's claim form is attached as Exhibit E.

19. MetLife requested that Jennifer provide a copy of the Power of Attorney documentation. On or about November 18, 2024, MetLife received a letter from Jennifer stating that she was unable to find her Power of Attorney for Decedent. In a subsequent call with

4

MetLife on November 25, 2024, Jennifer advised that there was no Power of Attorney for Decedent.

20. On or about December 30, 2024, MetLife received a claimant's affidavit from Jennifer. Jennifer also submitted additional documents with her claimant's affidavit, including a copy of Decedent's last will and testament, a copy of a letter purporting to revoke any Power of Attorney granted to Decedent's daughter, Chandra, and a copy of a letter from Decedent that requested that Jennifer be allowed at his funeral services. A copy of Jennifer's claimant's affidavit is attached as Exhibit F.

21. On or about January 27, 2025, MetLife received a claimant's affidavit from Yvonne, which included information on Decedent's living children. A copy of Yvonne's claimant's affidavit is attached as Exhibit G.

22. By letters dated March 21, 2025, MetLife advised Jennifer, Joyce, Ouida, Yvonne, and Chandra of their competing claims to the Plan Benefits and encouraged them to amicably resolve the dispute. MetLife's letters state, in part: "The most recent beneficiary designation on file was completed via phone call on September 11, 2018. James Prater and Jennifer Green were both on this phone call. On this call, Jennifer Green advised that she was the Power of Attorney for James Prater. … We have since confirmed that there was no valid Power of Attorney over James Prater at the time the designation change was made. … We cannot tell whether a court would find the September 11, 2018, beneficiary designation valid or not." As such, MetLife advised Jennifer, Joyce, Ouida, Yvonne, and Chandra that it is unable to determine the proper beneficiary or beneficiaries. Copies of MetLife's March 21, 2025 letters are attached as Group Exhibit H.

5

23. By letter dated April 10, 2025, Chandra responded to MetLife's March 21, 2025 letter. Chandra's letter enclosed a copy of an Order appointing her as Independent Executor for Decedent's estate, a copy of an Order declaring Decedent's heirs, a copy of the Letters of Office for Decedent's estate, and a copy of a physician's report from Michael Todd Grendon, M.D., dated May 18, 2018, in which Dr. Grendon reports that Decedent has dementia and "lacks decision making capacity." A copy of Chandra's April 10, 2025 letter is attached as Exhibit I. Additionally, the letter states, in part, that Jennifer was arrested on two occasions for violating an order of protection relating to the Decedent. (Ex. I, pg. 1).

24. No agreement has been reached regarding distribution of the Plan Benefits.

25. MetLife is unable to determine and make payment to the proper beneficiary of the Plan Benefits without the risk of exposure to multiple liabilities and the vexation of litigating multiple claims. As a mere stakeholder, MetLife has no interest in the Plan Benefits (except to recover its reasonable attorneys' fees and costs in connection with this action). MetLife therefore respectfully requests that this Court determine to whom the Plan Benefits should be paid.

26. If a court were to determine that the September 2018 Beneficiary Designation is valid, then the Plan Benefits would be payable to Jennifer.

27. However, if a court were to determine that the September 2018 Beneficiary Designation is not valid, then the Plan Benefits would be payable to Decedent's children, Joyce, Ouida, Yvonne, and Chandra, in accordance with the terms of the Plan.

28. MetLife will deposit into the Registry of the Court the Plan Benefits due and owing under the terms of the Plan, for disbursement in accordance with the Judgment of this

Court. Upon deposit of the Plan Benefits, MetLife should be dismissed with prejudice and released from any further involvement or participation in this litigation.

29. MetLife has incurred attorneys' fees and costs in bringing this interpleader action to resolve the competing claims to the Plan Benefits. MetLife requests an award of its reasonable attorneys' fees and costs to be deducted from the Plan Benefits upon deposit with the Registry of the Court or other court ordered escrow representative.

WHEREFORE, Interpleader Plaintiff MetLife respectfully requests that the Court enter an Order for the following relief:

(i) Authorizing MetLife to deposit with the Registry of the Court, or other Court ordered escrow representative, the Plan Benefits payable under the Plan due to the death of Decedent;

(ii) Requiring Jennifer Green, Joyce Phoenix, Ouida V. Prater, Yvonne Griffin, and Chandra V. Cannon to interplead with each other to determine their respective rights to the Plan Benefits;

(iii) Discharging MetLife, Rio Tinto America, Inc. as Policyholder, the Plan, and the Group Policy, from any further liability with respect to the Plan Benefits, and from any further liability to Jennifer Green, Joyce Phoenix, Ouida V. Prater, Yvonne Griffin, and Chandra V. Cannon or any other person or entity under the Plan or the Group Policy with respect to the Decedent's coverage;

(iv) Enjoining and restraining Jennifer Green, Joyce Phoenix, Ouida V. Prater, Yvonne Griffin, and Chandra V. Cannon and anyone claiming by or through them from instituting any action or proceeding in any state or federal court against MetLife, Rio Tinto America, Inc. as Policyholder, the Plan, and the Group Policy related to the Plan Benefits or the Decedent's coverage under the Plan and the Group Policy, including any interest or claims related thereto;

(v) Dismissing MetLife from this litigation, with prejudice; and

(vi) Awarding MetLife its reasonable attorneys' fees and costs incurred herein to be paid from the Plan Benefits, along with any and all other relief the Court deems appropriate.

Respectfully submitted,

Jacqueline J. Herring (IL-6282246)  By: /s/ *Jacqueline J. Herring*
Marissa N. Pinto (IL-6330294)  Attorney for Interpleader Plaintiff,
HINSHAW & CULBERTSON LLP  Metropolitan Life Insurance Company
151 North Franklin St., Suite 2500
Chicago, Illinois 60606
P  312.704.3975  | F  312.704.3001
JHerring@hinshawlaw.com
MPinto@hinshawlaw.com